CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 15 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CYNTHIA KENDALL, | ) |
| Plaintiff, | ) Civil Action 5:06CV00121 |
| v. | ) **MEMORANDUM OPINION** |
| PORT ROAD, L.C., | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

This case is presently before the court on the plaintiff's motion for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure. For the following reasons, the court will deny the motion.

### Background

On April 19, 2005, Cynthia Kendall initiated this personal injury action against Port Road, L.C. ("Port Road"), by filing a motion for judgment in the Circuit Court for the County of Rockingham. On May 11, 2006, the Circuit Court granted Kendall's motion for non-suit, and dismissed the case without prejudice, pursuant to Virginia Code § 8.01-380.

On July 5, 2006, Kendall reinitiated the action by filing a complaint in the Circuit Court for the County of Rockingham. The case was removed to this court on December 20, 2006. On April 18, 2007, Port Road filed a motion for summary judgment. Pursuant to the scheduling order entered on February 5, 2007, Kendall was required to file a response no later than fourteen days following service of Port Road's motion. As of this date, Kendall has not filed a response. Instead, on May 16, 2007, two weeks after the fourteen-day period expired, Kendall filed a motion for voluntary dismissal. Kendall indicates that the requested dismissal is "for purposes of further preparing this matter in the future."

Port Road has filed an objection to Kendall's motion. Port Road emphasizes that discovery is complete and that a jury trial is presently scheduled to begin on June 26, 2007.

**Discussion**

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Whereas Rule 41(a)(1) provides for dismissal as a matter of right when a plaintiff files a notice of dismissal before the adverse party serves her with an answer or a motion for summary judgment, the granting of a motion for voluntary dismissal under Rule 41(a)(2) "is within the court's discretion." Marex Titantic, Inc. v. Wrecked and Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993). "The primary purpose of this rule is to freely permit voluntary dismissals while protecting the nonmovant from unfair treatment." Gross v. Spies, 1998 U.S. App. LEXIS 471, *15 (4th Cir. Jan. 13, 1998). In deciding whether to grant a motion for voluntary dismissal under Rule 41(a)(2), the court may consider several factors, including (1) the opposing party's expense and effort in preparing for trial; (2) lack of diligence or excessive delay on the part of the moving party; (3) whether the explanation of the need for dismissal is sufficient; and (4) the current stage of the litigation, such as whether a motion for summary judgment is pending. Id. at *16.

Applying these factors, the court concludes that Kendall's motion for voluntary dismissal must be denied. As previously stated, Kendall's motion came after the close of discovery, less than six weeks before the scheduled trial date, and approximately two weeks after the deadline expired for responding to Port Road's motion for summary judgment. Moreover, the court is unpersuaded by the asserted basis for the motion. While Kendall alleges that the requested

dismissal is "for purposes of further preparing this matter in the future," she fails to explain why additional preparation time is necessary or appropriate, given the fact that more than two years have elapsed since the action was originally initiated, and the fact that a non-suit was already granted in state court. Therefore, considering Kendall's lack of diligence, her insufficient reason for dismissal, and the inconvenience that another dismissal would impose upon Port Road, Kendall's motion for voluntary dismissal must be denied.

## Conclusion

For the reasons stated, the court will deny Kendall's motion for voluntary dismissal. Kendall shall file a response to Port Road's motion for summary judgment within fourteen days. The Clerk is directed to send certified copies of this opinion and the accompanying order to all counsel of record.

ENTER: This 15th day of June, 2007.

_____
United States District Judge