

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CYNTHIA KENDALL, ) | |
| ) | |
| Plaintiff, ) | Civil Action 5:06CV00121 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| PORT ROAD, L.C., ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

This case is presently before the court on the defendant's motion for summary judgment. For the following reasons, the court will grant the defendant's motion.

### Factual and Procedural Background

On May 8, 2003 at approximately 9:00 p.m., the plaintiff, Cynthia Kendall, exited Interstate 81 North in Harrisonburg, Virginia and stopped at the Port Road Exxon Station. Kendall was en route from North Carolina to her home in Alexandra Bay, New York.

Kendall parked her vehicle on the side of the parking lot, next to a chain-link fence. The fence separated the lot from a ledge that dropped off approximately two feet onto the adjoining property. Upon exiting her vehicle, Kendall walked between her vehicle and the fence. Kendall then stepped backwards through a large hole in the fence and fell over the ledge, fracturing her ankle. Kendall alleges that the parking lot was poorly illuminated and that the fence was in a serious state of disrepair.

On April 19, 2005, Kendall initiated this personal injury action against Port Road, L.C. ("Port Road") by filing a motion for judgment in the Circuit Court for the County of Rockingham. On May 11, 2006, the Circuit Court granted Kendall's motion for non-suit, and

dismissed the case without prejudice, pursuant to Virginia Code § 8.01-380.

On July 5, 2006, Kendall reinitiated the action by filing a complaint in the Circuit Court for the County of Rockingham. The case was removed to this court on December 20, 2006.[1] On April 18, 2007, Port Road filed the instant motion for summary judgment. Pursuant to the scheduling order entered on February 5, 2007, Kendall was required to file a response no later than fourteen days following service of Port Road's motion. Rather than filing a response, Kendall filed a motion for voluntary dismissal on May 16, 2007, two weeks after the fourteen-day period expired. By opinion and order entered June 18, 2007, the court denied Kendall's motion and directed her to respond to Port Road's motion for summary judgment within fourteen days. On June 28, 2007, Kendall advised the court that she concedes that Port Road is entitled to summary judgment. For the following reasons, the court agrees.

## Discussion

On May 8, 2003, Port Road owned the property on which Kendall was injured. However, Port Road did not operate, occupy, or control the property. (Cline Aff. at ¶ 6.) Instead, the property was leased to Cline Energy, Inc. ("Cline Energy"), pursuant to an April 1, 1993 lease agreement and an amended lease agreement dated May 31, 2001. (Def.'s Ex. A & B.) As Port Road explains in its motion for summary judgment, neither the applicable lease provisions nor Virginia common law imposed a duty on Port Road to maintain the property's lighting or fencing.

---

[1] This court has subject matter jurisdiction under 28 U.S.C. § 1332.

I.  Applicable Lease Provisions

Because the incident occurred on May 8, 2003, the court must look to the terms of the amended lease agreement. Pursuant to the amended agreement, Port Road expressly reserved responsibility for "all repairs, replacements and maintenance reasonably necessary to the roof, outer walls and all structural components of the building and underground plumbing on the [p]remises," while Cline Energy assumed responsibility "for repairing and maintaining all improvements" to the premises that Port Road did "not expressly agree[] to maintain." (Def.'s Ex. B. at p. 1-2.) Since Port Road did not expressly agree to maintain the property's lighting or fencing, the maintenance of these components was Cline Energy's responsibility. Thus, Port Road had no duty under the amended lease agreement to maintain the lighting or fencing on the property.

II. Applicable Common Law Principles

"[I]t is well-settled in Virginia that, under the common law, a landlord has 'no duty to maintain in a safe condition any part of the leased premises that [is] under [a tenant's] exclusive control.'" Isbell v. Commercial Inv. Assocs., Inc., 644 S.E.2d 72, 74 (Va. 2007) (quoting Paytan v. Rowland, 208 Va. 24, 155 S.E.2d 36, 37 (Va. 1967)). In Caudill v. Gibson Fuel Co., the Supreme Court of Virginia explained the common law rule as follows:

> . . . Where the right of possession and enjoyment of the leased premises passes to the lessee, the cases are practically agreed that, in the absence of concealment or fraud by the landlord as to some defect in the premises, known to him and unknown to the tenant, the tenant takes the premises in whatever condition they may be in, thus assuming all risk of personal injury from defects therein.

3

Caudill, 185 Va. 233, 38 S.E.2d 465, 469 (Va. 1946).

In this case, Port Road surrendered possession and control of the property to Cline Energy in 1993. There is no indication that the alleged problems with the property's lighting and fencing existed at that time, ten years before the date on which Kendall was injured. Even if such problems existed in 1993, there is no allegation or evidence that Port Road concealed the problems or that the problems could not have been discovered by reasonable inspection. Thus, Port Road had no common law duty to repair or maintain the property's lighting or fencing.[2]

## Conclusion

For the reasons stated, the court agrees with the parties that Port Road is entitled to summary judgment. Accordingly, the court will grant Port Road's motion. The Clerk is directed to send certified copies of this opinion and the accompanying order to all counsel of record.

ENTER: This 3rd day of July, 2007.

United States District Judge

---

[2] The court also notes that Port Road is not liable under Virginia law for any negligence on the part of Cline Energy for failing to repair or maintain the property's lighting or fencing. See Harbour Enters., Inc. v. Ferro, 231 Va. 71, 340 S.E.2d 818, 819 (Va. 1986) ("Generally, a landlord is not liable to third persons for the negligent or willful acts of the tenant or the tenant's employees. This is because the owner of leased premises ordinarily has surrendered control over the premises to the lessee, the property is in the possession of the lessee, and the landlord, merely because of his ownership, does not have any direct contact with those who are upon the demised premises at the invitation of the tenant.").